**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **KARI McBRIDE,** | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 1:10-CV-021-BI |
| | § | ECF |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security,** | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

**THIS CASE** is before the court upon Plaintiff's complaint filed February 9, 2010, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and for supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on September 14, 2010, and Defendant filed a brief on October 13, 2010. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on February 9, 2010 (Doc. 5), and May 12, 2010 (Doc. 16). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

**I. STATEMENT OF THE CASE**

Plaintiff protectively filed applications for disability insurance benefits and for SSI benefits on September 11, 2007, alleging disability beginning January 1, 2006. Tr. 15. Plaintiff's

applications were denied initially and upon reconsideration. Tr. 15, 46-53, 56-63. Plaintiff filed a Request for Hearing by Administrative Law Judge on May 27, 2008, and this case came for hearing before the Administrative Law Judge ("ALJ") on January 14, 2009. Tr. 15, 26-39, 64-65. Plaintiff, represented by a non-attorney, testified in her own behalf. Tr. 29-36. Michael Driscoll, a vocational expert ("VE"), appeared and testified as well. Tr. 36-38. The ALJ issued a decision unfavorable to Plaintiff on April 23, 2009. Tr. 12-25.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff last met the disability insured status requirements on March 31, 2008, and must prove her disability began between January 1, 2006, and March 31, 2008. Plaintiff had not engaged in substantial gainful activity at any time since January 1, 2006. Tr. 23. Plaintiff has "severe" impairments, including bipolar disorder, a personality disorder, NOS, and a history of asymptomatic hepatitis C. *Id.* Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id.* Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 18.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 24.

The ALJ found that Plaintiff could not return to her past relevant work as an auto parts clerk or school cafeteria cook. *Id.* He noted that Plaintiff was considered as "closely approaching advanced age" with a G.E.D. 20 C.F.R. §§ 416.963, 416.964; Tr. 24.

The ALJ found that Plaintiff retained the RFC to perform the full range of light work activity. Tr. 24. The ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite her severe impairments. *Id.* He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of bench assembler, with 3,200 jobs in Texas and 113,000 jobs nationally; small product assembler I, with 9,300 jobs in Texas and 183,000 jobs nationally; and mail clerk, with 1,500 jobs in Texas and 84,000 jobs nationally. *Id.* The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 24-25.

Plaintiff submitted a Request for Review of Hearing Decision/Order on June 23, 2009. Tr. 10-11. The Appeals Council denied Plaintiff's request and issued its opinion on November 6, 2009, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 6-9. The ALJ's decision, therefore, became the final decision of the Commissioner. However, on March 12, 2010, the Appeals Council set aside that earlier action to consider additional information. The Appeals Council denied Plaintiff's request and issued its opinion, indicating that although it had considered the additional information, it concluded that there was no basis for changing the ALJ's decision. Tr. 2-5.

On February 9, 2010, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform work in the national economy. Tr. 24-25.

### III. DISCUSSION

Plaintiff claims that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence because the ALJ failed to apply the appropriate legal standard to weigh the opinion of the consultative psychologist, Dr. Osborn. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

In his opinion the ALJ discussed the findings and opinion of Dr. Osborn. Plaintiff argues that the ALJ was required to weigh Dr. Osborn's medical source statement and failed to incorporate limitations into the RFC finding reflecting Dr. Osborn's opinion.

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. Soc. Sec. Ruling 96-7p (July 2, 1996) ("SSR 96-8p").

The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory

diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986). The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5 Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* However, in weighing the evidence, the ALJ is not free to reject the uncontroverted opinions of a treating physician regarding the limitations imposed by Plaintiff's impairments solely because he has a different interpretation of the evidence. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir 2003) (where the Fifth Circuit noted in dicta that the ALJ should not substitute his own medical conclusions about the effects of the claimant's impairments).

Plaintiff argues that the ALJ was required to weigh Dr. Osborn's statement and to incorporate limitations set forth in such opinion into the RFC determination. The ALJ ultimately found that Plaintiff was limited to light work, requiring no more than the low end of detailed instructions, having only superficial contact with the public, which required no money handling or collaboration with co-workers.

In this case the ALJ discussed Dr. Osborn's opinion and findings upon examination. Tr. 18-19. The ALJ also discussed the findings of Plaintiff's other treatment providers. In making his RFC finding, the ALJ referenced Dr. Osborn's diagnosis of methamphetamine dependence and cannabis

abuse. Tr. 22. The ALJ presented a hypothetical question to the vocational expert which reflected his RFC assessment. Tr. 22-23.

The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). In formulating the RFC finding, the ALJ clearly consider Dr. Obsborn's observations and opinions, as well as those of other treating providers. The ALJ properly exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were most supported by the record. *Muse v. Sullivan*, 925 F.2d at 790.

The court finds that the ALJ did not err in weighing or evaluating the opinion of Dr. Osborn, the consultative examiner, in formulating the RFC determination. The court further finds that the hypothetical question posed to the VE appropriately incorporated the limitations found by the ALJ to be supported by the evidence of record. The court, therefore, find that the ALJ did not err and that his opinion is supported by substantial evidence.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that Plaintiff's complaint should be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint filed February 9, 2010 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

DATED this 15th day of June, 2011.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**